**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF KANSAS,<br><br>Defendant,<br><br>and<br><br>KANSAS STUDENTS FOR AFFORDABLE TUITION,<br><br>Defendant-Intervenor. | Case No.: 5:26-cv-04066-HLT-BGS<br><br>**[PROPOSED] DEFENDANT-INTERVENOR KANSAS STUDENTS FOR AFFORDABLE TUITION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**[PROPOSED] ANSWER**

Defendant-Intervenor Kansas Students for Affordable Tuition (hereinafter, "Defendant-Intervenor" or "KanSAT") respectfully answers in response to the Complaint for Declaratory and Injunctive Relief of Plaintiff United States of America ("United States" or "Plaintiff") [Dkt. 1].

The opening unnumbered paragraphs of Plaintiff's Complaint contain legal conclusions and argument to which no response is required. As to the terms "alien" or "illegal aliens" used in the Complaint, Defendant-Intervenor will instead use the term "undocumented persons" to refer to non-U.S. citizen residents in the United States without permanent residency. To the extent a response is required to the opening unnumbered paragraphs, Defendant-Intervenor denies.

Defendant-Intervenor answers the numbered allegations and paragraphs of Plaintiff's Complaint as follows:

1.    Defendant-Intervenor admits Paragraph 1 of the Complaint.

2.    Defendant-Intervenor admits Paragraph 2 of the Complaint.

1

3.    The allegations in Paragraph 3 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that the Supremacy Clause, U.S. Const. art. VI, cl. 2, is a clause in the United States Constitution and avers that the clause speaks for itself.  Defendant-Intervenor further admits that 28 U.S.C. §§ 1651, 2201, 2202 are federal statutes, and avers that they speak for themselves.

4.    The allegations in Paragraph 4 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that United States of America is the plaintiff in this matter; the Department of Justice and Department of Homeland Security ("DHS") are administrative agencies of Plaintiff United States of America; and that the U.S. Immigration Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection are part of DHS.

5.    Defendant-Intervenor admits Paragraph 5.

6.    The allegations in Paragraph 6 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that U.S. Const. art. I, § 8, cls. 3 and 4 are clauses in the United States Constitution and avers that the clauses speak for themselves.  Defendant-Intervenor also admits that U.S. Const. art. I, § 8 is a section in the United States Constitution and avers that the section speaks for itself.

7.    The allegations in Paragraph 7 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that U.S. Const. art. II, §§ 1 and 3 are sections in the United States Constitution and avers that the sections speak for themselves.

8.    The allegations in Paragraph 8 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits

2

that *Fong Yue Ting v. United States*, 149 U.S. 698 (1893), *Ping v. United States*, 130 U.S. 581 (1889), and *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), are decisions of the United States Supreme Court and avers that the decisions speak for themselves.

9.    The allegations in Paragraph 9 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Fiallo v. Bell*, 430 U.S. 787 (1977), is a decision of the United States Supreme Court and avers that the decision speaks for itself.

10.    The allegations in Paragraph 10 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Congress passed legislation in 1996 titled the "Personal Responsibility and Work Opportunity Reconciliation Act" codified at Pub. L. No. 104-193, 110 Stat. 2268 (1996); and the "Illegal Immigration Reform and Immigration Responsibility Act" codified at Pub. L. No. 104-208, Div. C, §§ 306, 308, 110 Stat. 3009–546 (1996). Defendant-Intervenor also admits that 8 U.S.C. § 1601 is a federal statute and avers that it speaks for itself.

11.    The allegations in Paragraph 11 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1601(2)(A) is a federal statute and avers that it speaks for itself.

12.    The allegations in Paragraph 12 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1601(2)(B) is a federal statute and avers that it speaks for itself.

13.    The allegations in Paragraph 13 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1601(5) and 1601(6) are federal statutes and avers that they speak for themselves.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required.  To the extent a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1621(d) is a federal statute and avers that it speaks for itself.

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623 is a federal statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 15.

16.     The allegations in Paragraph 16 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

17.     The allegations in Paragraph 17 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that President Trump issued an Executive Order titled "Ending Taxpayer Subsidization of Open Borders" on February 19, 2025.

18.     The allegations in Paragraph 18 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that President Trump issued an Executive Order titled "Protecting American Communities from Criminal Aliens" on April 28, 2025.

19.     The allegations in Paragraph 19 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor denies any allegations in Paragraph 19.

20.    The allegations in Paragraph 20 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

21.    Defendant-Intervenor admits that Kansas Governor Kathleen Sebelius signed Kansas Bill 2145 on May 20, 2004, which allows eligible undocumented persons access to regular tuition rates at Kansas public colleges and universities, and avers that Kansas Bill 2145 speaks for itself.  Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

22.    Defendant-Intervenor admits Paragraph 22.

23.    The allegations in Paragraph 23 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

24.    The allegations in Paragraph 24 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 24.

25.    Defendant-Intervenor admits Paragraph 25.

26.    Defendant-Intervenor admits Paragraph 26.

27.    The allegations in Paragraph 27 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

28.    Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(b) is a state statute and avers that it speaks for itself.

29.     The allegations in Paragraph 29 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(c)(2) is a state statute and avers that it speaks for itself.

30.     The allegations in Paragraph 30 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(c)(1) is a state statute and avers that it speaks for itself.

31.     The allegations in Paragraph 31 of the Complaint state legal conclusions, to which no response is required.

32.     The allegations in Paragraph 32 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

33.     The allegations in Paragraph 33 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(c)(2) is a state statute and avers that it speaks for itself. Defendant-Intervenor denies any remaining allegations in Paragraph 33.

34.     The allegations in Paragraph 34 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(b) is a state statute and avers that it speaks for itself. Defendant-Intervenor denies any remaining allegations in Paragraph 34.

35.     The allegations in Paragraph 35 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a(b) is a state statute and avers that it speaks for itself. Defendant-Intervenor denies any remaining allegations in Paragraph 35.

36.    The allegations in Paragraph 36 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated §§ 72-3118 and 72-3120 are state statutes and avers that they speak for themselves.

37.    The allegations in Paragraph 37 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.

38.    The allegations in Paragraph 38 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself. Defendant-Intervenor also admits that 8 U.S.C. § 1623 is a federal statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 38.

39.    Defendant-Intervenor admits Paragraph 39.

40.    The allegations in Paragraph 40 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Pacific Gas and Elec. Co. v. State Energy Resources Conserv. & Develop. Comm'n*, 461 U.S. 190 (1983), is a decision of the United States Supreme Court and avers that the decision speaks for itself.

41.    The allegations in Paragraph 41 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona v. United States*, 567 U.S. 387 (2012), is a decision of the United States Supreme Court and avers that the decision speaks for itself.  Defendant-Intervenor also admits that *Emerson v. Kansas City S. Ry. Co.,* 503 F.3d 1126 (10th Cir. 2007) and *Choate v. Champion House Builders*

*Co.*, 222 F.3d 788 (10th Cir. 2000), are decisions of the Tenth Circuit Court of Appeals and avers that the decisions speak for themselves.

42.     The allegations in Paragraph 42 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Gade v. National Solid Wastes Management Ass'n.,* 505 U.S. 88 (1992), *Maryland v. Louisiana*, 451 U.S. 725 (1981), and *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992), are decisions of the United States Supreme Court and avers that the decisions speak for themselves.

43.     The allegations in Paragraph 43 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that *Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115 (2016), and *Wyeth v. Levine*, 555 U.S. 555 (2009), are decisions of the United States Supreme Court and avers that the decisions speak for themselves.  Defendant-Intervenor also admits that *Nat'l Ass'n of Indus. Bankers v. Weiser*, 159 F.4th 694 (10th Cir. 2025), is a decision of the Tenth Circuit Court of Appeals and avers that the decision speaks for itself.

44.     The allegations in Paragraph 44 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions and argument that constitute characterization of Plaintiff's action and claim for relief, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits

that Kansas Attorney General Kris W. Kobach issued Opinion 2026-5 on February 10, 2026. Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself. Defendant-Intervenor also admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself. Defendant-Intervenor denies any remaining allegations in Paragraph 46.

47.	The allegations in Paragraph 47 of the Complaint state legal conclusions, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself. Defendant-Intervenor also admits that *Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304 (5th Cir. 2023, is a decision of the Fifth Circuit Court of Appeals and avers that the decision speaks for itself. Defendant-Intervenor also admits that *Equal Access Educ. v. Merten*, 305 F. Supp. 2d 585 (E.D. Va. 2004), is a decision of the U.S. District Court, Eastern District of Virginia and avers that decision speaks for itself. Defendant-Intervenor also admits that *Foss v. Ariz. Bd. of Regents*, No. 1 CA-CV 18-0781, 2019 WL 5801690 (Ariz. Ct. App. Nov. 7, 2019), is a decision of the Arizona Court of Appeals and avers that the decision speaks for itself.

48.	The allegations in Paragraph 48 of the Complaint state legal conclusions, to which no response is required. To the extent a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself. Defendant-Intervenor also admits that Texas Education Code §§ 54.051(m) and 54.052(a) are state statutes and avers that they speak for themselves. Defendant-Intervenor also admits that the United States filed a complaint against the State of Texas with the caption of *United States v. Texas*, No. 7:25-cv-00055 (N.D. Tex.) and avers that the case speaks for itself.

49.  The allegations in Paragraph 49 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that the United States filed a complaint against the State of Oklahoma with the caption of *United States v. Oklahoma*, No. 6:25-cv-00265 (E.D. Okla.) and avers that the case speaks for itself.

50.  The allegations in Paragraph 50 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1621(d) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that 28 U.S.C. §§ 1331 and 1345 are federal statutes and avers that they speak for themselves.  Defendant-Intervenor also admits that Kentucky regulation 13 KAR 2:045, Section 8(4)(a) is a state regulation and avers that it speaks for itself.  Defendant-Intervenor also admits that the United States filed a complaint against the State of Kentucky with the caption of *United States v. Kentucky Council on Postsecondary Education et al.*, No. 3:25-cv-00028 (E.D. Ky.) and avers that the case speaks for itself.

51.  The allegations in Paragraph 51 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that *United States v. Windsor*, 570 U.S. 744 (2013), is a decision of the United States Supreme Court and avers that the decision speaks for itself.  Defendant-Intervenor also admits that Neb. Rev. Stat. §§ 85-502, 85-1907(3), 85-2102(6), and 85-3202(6) are state statutes and avers that they speak for themselves.  Defendant-Intervenor also admits that the United States filed a

complaint against the State of Nebraska with the caption of *United States v. Nebraska*, No. 8:26-cv-00172 (D. Neb.) and avers that the case speaks for itself.

52.     The allegations in Paragraph 52 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a and 76-731a(c)(2) are state statutes and avers that they speak for themselves.  Defendant-Intervenor denies any remaining allegations in Paragraph 54.

55.     The allegations in Paragraph 55 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated §§ 76-731a(b), 76-731a(c)(2), 72-3122 are state statutes and avers that they speak for themselves.  Defendant-Intervenor denies any remaining allegations in Paragraph 55.

56.     The allegations in Paragraph 56 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits

11

that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175 (2024), is a decision of the United States Supreme Court and avers that the decision speaks for itself.  Defendant-Intervenor also admits that *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024), is a decision of the Ninth Circuit Court of Appeals and avers that the decision speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Defendant-Intervenors repeats and incorporates here by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraph 1 through 56 of the Complaint as though fully set forth here.

58.     The allegations in Paragraph 58 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623 is a federal statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 59.

60.     The allegations in Paragraph 60 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623(a) is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 60.

12

61.     The allegations in Paragraph 61 of the Complaint state legal conclusions, to which no response is required.  To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1623 is a federal statute and avers that it speaks for itself.  Defendant-Intervenor also admits that Kansas Statute Annotated § 76-731a is a state statute and avers that it speaks for itself.  Defendant-Intervenor denies any remaining allegations in Paragraph 61.

The remainder of the Complaint—including the WHEREFORE clause, Paragraphs 62 through 65—contains Plaintiff's requests for relief, to which no response is required.  To the extent that any response to those parts of the Complaint is deemed to be required, Defendant-Intervenor denies all of the allegations set forth there and denies that Plaintiff is entitled to any of the relief requested or to any other forms of relief whatsoever.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defense to the cause of action purported to be set forth by Plaintiff in the Complaint, Defendant-Intervenor alleges as follows, subject to Defendant-Intervenor's rights to amend and assert such other affirmative defenses as may become available during discovery in this action:

1.     Failure to state a claim.

2.     The Complaints asks this Federal Court to commandeer State regulatory resources and/or allow the federal government to directly dictate state policy in violation of the Tenth Amendment to the United States Constitution, and principles of federalism.

**WHEREFORE**, Defendant-Intervenor respectfully requests as follows:

1.     That Plaintiff's Complaint and the cause of action raised in the Complaint be dismissed with prejudice;

2.     That Plaintiff take nothing by way of the Complaint;

3.      That Defendant-Intervenor be awarded costs of the suit; and

4.      That the Court order such other and further relief for Defendant-Intervenor as the

Court may deem appropriate.


Dated: July 1, 2026                              Respectfully submitted,

                                                 */s/ Jessica Swonger*
                                                 Jessica Swonger (Kansas Bar No. 31215)
                                                 **AMERICAN CIVIL LIBERTIES UNION
                                                 OF KANSAS**
                                                 P.O. Box 13048
                                                 Overland Park, KS 66282
                                                 Telephone: (913) 314-2161
                                                 Email: jswonger@aclukansas.org

                                                 */s/ Fernando Nuñez*
                                                 Fernando Nuñez (California Bar No. 327390)*
                                                 Thomas A. Saenz (California Bar No. 159430)*
                                                 Luis L. Lozada (California Bar No. 344357)*
                                                 **MEXICAN AMERICAN LEGAL DEFENSE
                                                 AND EDUCATIONAL FUND**
                                                 634 South Spring Street, 11th floor
                                                 Los Angeles, CA 90014
                                                 Facsimile: (213) 629-0266
                                                 Email: tsaenz@maldef.org
                                                         fnunez@maldef.org
                                                         llozada@maldef.org

                                                 *Attorneys for Kansas Students for
                                                 Affordable Tuition*

                                                 *Pro Hac Vice Forthcoming

14

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified in the Notice of Electronic Filing.

*/s/ Jessica Swonger*
Jessica Swonger

15