## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF KANSAS,<br><br>*Defendant*. | No. 5:26-cv-4066 |

### Notice of Supplemental Authority

Under local Rule 7.1(f), the State of Kansas hereby notifies the Court of a recent federal district court decision in *United States v. Illinois*, 25-cv-1691 (S.D. Ill.), holding that four Illinois laws that provided in-state tuition to illegal aliens are preempted by 8 U.S.C. § 1623(a). The relevant orders are attached.

Particularly relevant here, one of the laws provided that a board of trustees shall "deem an individual an Illinois resident, until the individual establishes a residence outside of this State" if certain enumerated conditions are satisfied. Memorandum and Order at 21. The court reasoned that "[t]his deeming provision supplies the operative definition of 'Illinois resident' for purposes of receiving the educational benefits and [thus] provides benefits 'on the basis of residence within [Illinois]' within the meaning of 8 U.S.C. § 1623(a)." *Id.* This supports the State's argument here that K.S.A. 76-731a(a), which "deem[s]" certain illegal aliens to be Kansas residents for tuition purposes, violates 8 U.S.C. § 1623(a) by providing tuition benefits on the basis of residence. *See* Doc. #15 at 10; Doc. #16 at 2-3; Doc. #20 at 3.

The Illinois court also rejected an argument that 8 U.S.C. § 1623(a) is satisfied as long as a single citizen is eligible for in-state tuition without being a resident. Instead, as the State has argued here, *see* Doc. #16 at 3, 6; Doc. #20 at 6-7, the court held that 8 U.S.C. § 1623(a) requires

1

that a State must make tuition benefits "available to U.S. citizens generally without regard to [ ]

residency" if they are provided to illegal aliens. Memorandum and Order at 23-24.

Finally, the court rejected an argument that 8 U.S.C. § 1623(a) violates the Tenth

Amendment's anti-commandeering doctrine. Memorandum and Order at 14-17. Kansas Students

for Affordable Tuition indicated it plans to make a similar argument, which (as the State has

previously explained) has no merit. *See* Doc. #16 at 6-7.

Respectfully submitted,

*/s/ Kris W. Kobach*
KRIS W. KOBACH, #17280
Kansas Attorney General

KURTIS K. WIARD, #26373
Senior Counsel

DWIGHT R. CARSWELL, #25111
Acting Solicitor General

JAMES R. RODRIGUEZ, #29172
Deputy Attorney General

Office of the Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Tel: (785) 296-2215
Fax: (785) 296-6296
Kris.Kobach@ag.ks.gov
Kurtis.Wiard@ag.ks.gov
Dwight.Carswell@ag.ks.gov
James.Rodriguez@ag.ks.gov

*Counsel for Defendant State of Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

*/s/ James R. Rodriguez*
James R. Rodriguez